Good morning, Counsel. Good morning, Your Honor. May it please the Court, my name is Mark Kempel, and I am representing appellants Wal-Mart Stores and Associates. And I'd like to reserve the unused portion of my time for rebuttal. Okay. Wal-Mart was presented with a jurisdictionally indeterminate complaint  to be clear, the right to remove was not apparent on the face of the pleading. After the maximum extension to plead had expired, on the final deadline to do so under the state court's rules, Wal-Mart filed its response of pleading challenging the sufficiency of plaintiff's allegations. Thereafter, no briefing was submitted on that demur. No hearing was conducted by the court. To be clear, no opposition, no reply, no hearing. And the case was stayed throughout. When Wal-Mart completed its investigation, it removed under favored CAFA jurisdiction and removal. When it did so, it had in no way waived its right to do so. To find a waiver here, this court would be required to do five things. First, it would have to hold the defendants can waive a right to remove before even knowing that they had that right. Second, it would have to reject overwhelming authority that the mere filing of a pleading challenge does not waive a right to remove, even in the traditional diversity context, much less in favored CAFA jurisdiction. Third, this court would have to hold, contrary to overwhelming authority, that merely acting on deadlines set by the state courts waives still undiscovered rights and that litigants must tie their hands behind their back in advance to be able to later exercise any right they might subsequently discover. Fourth, very importantly, this court would have to reverse this court's decision in Roth and its progeny and reject Cutrone's decision from the Second Circuit holding that favored CAFA removal may be done on the eve of trial in the state court and after the defendant is determined through its state court actions that it is strategically advantageous for it to remove because the state court has shown itself ill disposed to the defendant. That's the holding of this court in Roth. None of that is remotely present here. But even if it were, that court held, that does not constitute a denial of the ability to remove. Counsel, let me ask you, going to what they believe their strongest point is. As you know, Judge Real did this sua sponte. Yes. And they cite City of Albuquerque v. Soto Enterprises' Tenth Circuit case as authority for his ability to do that. Why is that case distinguishable from what Judge Real did in this case? Well, they need to win that argument even to be able to argue there's to reach the issue of whether or not this was an appropriate waiver. So the question there that the court, as I understand it, has phrased is, was this a procedural defect or is this a jurisdictional defect? If it's a procedural defect that they're claiming, then the court cannot act sua sponte. So the question really rises and falls on the following proposition. Do parties create a court's jurisdiction? Do the actions of parties during the litigation create or reject a court's jurisdiction? Because that's the argument. Their argument is that by my client bringing a motion, a demur in state court, my client's actions somehow determine this court's jurisdiction. To me, that makes no sense. We don't create the court's jurisdiction. The court has jurisdiction. The elements of CAFA are satisfied here. The real question is, as they're arguing it, and it doesn't exist here because we didn't waive, is this a procedural defect? Importantly, procedural defects can be waived by the parties, which is why the court should not intervene. Now, the problem here is, you'll note we didn't brief this in our brief. We don't want to be in a situation where this court rules that Judge Real should not have acted sua sponte, send it back down. Three days later, they retender the issue to Judge Real. He does the same thing, and we're back here again. So the overarching issue, as we see it, is whether or not this constitutes a waiver of jurisdiction, and it just plainly doesn't. And the fifth thing that this court would need to do in order to so hold, apart from the four sort of parade of horribles that I've presented, is the court would need to issue a holding that would force defendants like my client, presented with an indeterminate pleading, to improvidently remove at risk of sanctions for fear that if they waited longer, they would lose the right to remove that they hadn't yet discovered. None of this makes sense. No law, no logic, no equity supports that outcome. Not even the decision, the authority that the judge cited in his order. It's directly to the contrary. Joseph, I practiced this and I wasn't going to mess this up. Yosef Zadeh holds that the mere filing of a pleading does not waive the right to remove. Absolutely overwhelming case law does. Now, we exchanged simultaneous briefs leading into this briefing, and so ships crossing the night in part. There were four cases that are cited by plaintiffs in their papers that were not previously cited in the application to get before this court. I'd like to just briefly go through those because we really didn't get a chance. We had a couple hours. They filed a little early. We did our best with it, but we didn't really fillet those cases as I'd like to now. The first case they cited was Acosta v. Direct Merchants. Federal jurisdiction was pled on the face of the pleading. There's no question the defendant knew of the right to remove and did not do so. Instead, it acted in the way that it did. But even that case holds that merely filing a responsive pleading does not invoke the state's jurisdiction so as to constitute a waiver of the right to remove. You've listed a lot of things that we would have to decide in order to rule against you. Yes. But in order to rule for you, it seems like we wouldn't have to decide all those issues. Maybe the narrowest one would be this one you just mentioned, that the pleading that you were responding to didn't show that there was jurisdiction. I mean, is that all we need to say to resolve this? Well, I think it is because you can't waive a right that you don't know you have, most importantly. And the standard in the Ninth Circuit is whether or not the case after it becomes, this is the quote, a defendant may waive the right, and this is from Resolution Trust, a defendant may waive the right to remove to federal court where after it is apparent that the case is removable, defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there and to abandon his or her right to a federal forum. We didn't even know we had a right to a federal forum. It is simply axiomatic that there was no waiver. But do we even need to wonder about what you actually knew, or do we only need to look at what the complaint said? The court needs to look at what the complaint says, and Roth addresses this as well. The courts are not to speculate as to what the defendant could have discovered. You're not penalized for not investigating sooner, and that would be work product, frankly, for us to get into what we knew. But when we got that, and the pleading is complicated. Actually, just before I stood up here, I pulled out the class definition to illustrate how tough it is to figure out whether or not you have the removal. Indeed, tough to figure out whether or not a person would even be a class member such that we could then calculate his or her damages. This class definition, there are multiple parts, but the ones we're relying upon are, I'll just use one example, all persons employed by Wal-Mart in California during the relevant time period when, after suffering a workplace-related injury while employed by Wal-Mart, were required by Wal-Mart and or Health Works, a separate defendant, to submit to a drug and or urine test with Health Works, took said drug and or urine test and then were terminated by Wal-Mart due to the results of said drug test. And other classes for refusing to submit to, I mean, that's an enormous number of criteria for us to try and figure out who's even in the class, then to go back and calculate past wages, back pay, the objective measure of damages. I think you can recognize that that's going to take some time. Counsel, despite the complexity of the complaint, I gather that you are saying that you think the jurisdictional issue is very plain about the sua sponte action, but given the proclivities, the well-known proclivities of our friend Judge Reel, that we really have to reach the merits in this case or we're just whistling Dixie, you're going to be right back up here because you'll just reenter the same order. Is that your position? I'm not speculating as to what Judge Reel would do. Of course not. Of course not. But the issue is presented to the court. It's been taken up by this court. I think it's important that this court reach the issue of what would constitute a waiver in this context and certainly the mere filing of a Demer and state court, I mean, particularly where it wasn't briefed, wasn't heard, the case was stayed, et cetera, followed by a prompt removal upon the basis to remove being made apparent would not constitute a waiver of jurisdiction. Maybe I don't need to do it, but City of Albuquerque is a non-CAFA case. It applied a presumption against removal, which this court and the U.S. Supreme Court in dark Cherokee has held clearly does not apply. CAFA is favored, not presumed to be contrary. Traditional diversity was pled on the face of the pleading, both the amount in controversy and the diverse citizenship of the parties. And there, even before the defendant was served, no compulsion even to appear in state court, the defendant charged into state court, filed motions, answered, and such. Even then, the court said, we will not find a waiver of the right to remove when a state's procedural rules compel a defendant's state court participation, exactly what was the case here. It goes on to say that Soto, the defendant in that case, jumped the gun. They didn't need to do this. The face of the pleading allowed them to remove. They jumped the gun. Even before they were compelled to act, they invoked the court's jurisdiction to grant the relief. Diversity Roofing Corporation, another non-CAFA case, pre-Roth, the decision in Roth uses the wrong presumption as articulated by this court in Nation Star and by the U.S. Supreme Court in dark Cherokee. The plaintiff had filed an arbitration. The defendant in that case moved the court. On the first day, it was served to enforce arbitration in a summary proceeding. Even there, the court holds, it is well settled that merely filing a responsive pleading does not invoke the court's jurisdiction. I could go on. Hollingsworth is the last new case that they cite. Pre-Roth uses the incorrect CAFA standard as articulated by Dart in this court in Nation Star. The defendant took his demur all the way through decision, but in that case, the ruling of the court was, you waited more than 30 days where the face of the pleading allowed you to remove. It was apparent from the face of the pleading that you could remove. It did go on in dicta to say, oh, and by the way, you filed a demur and had it heard. Not the case here. Zero authority cited by that court for the proposition that that would constitute a waiver. Indeed, the only case proximate to that decision, to that holding, which is dicta, I believe, the only case that's cited in the opinion that's proximate to that dicta is the use of Zeda case, in which the 11th Circuit clearly held that the mere filing of a responsive pleading does not waive the right to remove. I want to reserve the balance of my time. That's fine. Thank you. Morning, counsel. Good morning. May it please the court, David D. Robertus for appellee. I want to first address standard of review in a sense here, because I do think it's correct in our brief that the de novo standard applies to the legal questions, but I want to address whether there's a factual finding within the order that must be given clear error review, because I think of a waiver issue in this context as a combination of law and fact, and ultimately Judge Rial had the factual record from the Superior Court before him and made a determination of waiver. When you look at the case law in this context, waiver, you've got to look at what happened below, and there has to be a determination of the intent by the defendant below. I think that is a factual issue that should be looked at from a clear error perspective. But it doesn't involve credibility. It doesn't involve assessing testimony. I mean, it's really a pure legal question, isn't it, about how to read what the procedural posture was of the state court record. I don't understand how this is the type of thing that we should view as something we defer to by the district court. When we're looking at intent, I think it gets us there, and I think there are factual examples. Well, maybe it would if you had testimony in the district court hearing about what was your intent in the state court, but you didn't have that here, did you? He did it sua sponte, without a hearing. Agreed. No hearing, no testimonial evidence. Beyond that, though, let me go then backwards to I think the real distinction is the way we're looking at this, because I actually think there's an easy way for defendants to not be in the position they are here. My colleague does a good job of his five points, and it seems like an impossible scenario for a defendant. I actually think step number one, there's a very simple way to comply with state court rules, like was done in the Resolution Trust case, and not have a finding of waiver, and that is when you file your brief, make it clear you are doing this as a defensive measure to preserve your right to continue to investigate if that's what was going on. Why does it make a difference? I mean, so, okay, yes, they could have put a sentence in that said we still intend to remove, but what difference would that have made? Would that have avoided some prejudice to your party? Well, I can't say that would have avoided prejudice, but I still think ultimately when we're looking at waiver, this is not a mere filing of a pleading. Let me step back for one second. When you go through, and I think the City of Albuquerque case really gets this issue, states it most correctly. That case is so distinguishable. That has really nothing to do with this case. Why are you relying on City of Albuquerque? Well, the portion where it talks about Yusef Day and the distinction. But the facts, it's just totally different, plus it's a Tenth Circuit case. Understood. But ultimately we all agree acts taken in state court that manifest an intention to invoke the state court's adjudication on the marriage. But counsel, as your opponent has pointed out and the case law points out, you can remove on the eve of trial. I mean, that's certainly a commitment to a state proceeding, is it not? In this case, there's nothing on the face of the complaint that suggests that there was, in fact, an ability to remove based on CAFA for any number of reasons. They didn't know that until later. They filed the removal on the very last day that they could. They waited on the state time period, so it wouldn't be a default. I mean, how can you fault them for not removing before that time? Well, I don't think it's a matter of fault or not. I think it's a matter of can we interpret the factual record of what happened in the Superior Court as indicating an intent to invoke the decision-making of the state court. But you're saying they're going to waive a right. And as you know, the case law makes it very clear you've got to do a lot to show you're going to give this up. You've got to do a lot. And with all due respect to my friend Judge Real, he didn't really do any of that. It was just a peremptory, you know, we're going to cut this off. Well, and so let's us look at a new then, if we are. To me, there's a difference. There are two different scenarios. One is, well, multiple different scenarios. One of the cases mentioned a state court rule required a motion to dismiss within 20 days of service. Removal was 30 days. Clear situation, state court rule required the filing of the motion to dismiss. It was not, it was a necessary defensive action at that point because of a conflict between the two rules. My point in this case is it is different. There was, our state rules in California do not require a demur. They don't require a motion. But don't they say that if you have arguments you could make in a demur and you don't, then you've waived them? I believe they can be raised in a judgment of the pleadings. Even if they could have been raised in a demur and they weren't? Absolutely. I believe so. Plenty of times you have seen, and it happens all the time in state court, that a judgment of the pleadings. No, I know you filed simultaneous briefs, but he argues otherwise. So what is your authority to respond to that? Actually, when we look at his argument otherwise, he doesn't give us any detail. He simply says, generically, the statutory scheme is a little bit different. The judgment of the pleading scheme is more narrow than the demur scheme. But when we look at the arguments they raised, look at their demur. They attacked the merits of every cause of action, class-wide cause of action, on the merits. Those identical attacks could have been made through a JNOV. And what is your authority for the idea that you don't waive it by not raising it in a demur? I cannot cite authority at this moment. That issue not having been part of real briefing with the simultaneous briefings, I did not independently research that. I'm just relying on my experience of 17 years of state court litigation where I see it happen all the time, to be candid. So if we look at it from a perspective that they file the demur challenging every single bit of the merits of every single bit of the case. The case law says seeking a merits determination when you don't have to seek one can constitute a waiver. One of the cases as an example of a proper scenario to find no waiver was there was a scheduling order of a superior court judge that specifically said summary judgment must be filed. Party complied with that specific order, was not a waiver. Here they could have done it very differently. Here they could have filed an answer. With respect, we're talking about this is a CAFA case. The Congress has made very, very, very clear that CAFA is a favored remedy, period. We have to deal with it that way. You have to really show, and the case law I think is clear, that you do not intend to elect CAFA. And in this case, there is no such finding. They're not even close to it. So I'm really struggling with what you're relying upon, given all these cases that are out there, to make your point. I think Judge Real's sui sponte order, I think you'd almost have to concede he didn't have any authority to do that. So let's talk for a minute about the merits. I know you're kind of talking about the merits here, but let me just ask you this. Do you agree that that's really what we ought to be focusing on here, is the merits? I see the wisdom of doing it that way. I'm fine with either way. I agree with you. So, I'm sorry. No, no, go ahead. I'd like you to talk about the merits in this thing, because, again, you look at it like resolution trust. I mean, that's very, very clear how strongly our court has backed up the ability to do this, to invoke CAFA and to remove. And it makes it very clear that the waiver removal, and I'm using its words, must be clear and unequivocal. Where is that in this case, other than the simple filing of the response to the demur, which was required to avoid a default? Well, if I can pick up on resolution trust, and then I'll get there. Okay. Resolution trust, to be clear, an express point of resolution trust, and this appears on page 1240 when they found no waiver. There, the same day of removal, I think because of an appellate opinion that created federal jurisdiction, essentially, the party that removed the case, the day of removal, filed a rehearing petition in the court of appeal. In their paperwork in the rehearing petition in the court of appeal, resolution trust, quote, stated it intended to remove, and it made the petition solely for the defensive purpose of preserving the status quo pending removal. So that's one way to comply with state court and not waive. Isn't that what they did here? Absolutely not. There was nothing in the demur papers that said anything about preserving rights to remove. Do they have to say that? I mean, what they did was to preserve their right by not getting a default in the other action. Let's just say that you had moved for a default in the state court and gotten a judgment. Wouldn't that be the end of it? Yes. Okay. So they were preserving their right not to have that done, right? I think that's where we disagree. Okay. I think that, and you're obviously in charge, but I think that's where we disagree. Glad that you recognized that. I think that when we look at it from the different perspective, from the perspective of courts are going to have to look at paperwork record of what happened in a superior court. When we want to create a rule that gives clarity, there's a very simple, clarity and fairness, a combination of the two. It's, I think it's proper to have a rule that says, very simple rule to comply with. If you're going to believe you have to take action in state court, you need to make it clear that you're doing that because you're under a compulsion and you intend to not do it. But how is that consistent with Roth, where Roth says you can go all the way to the eve of trial? Because I think Roth is really a different issue. And if I'm wrong about this, everything falls. But to me, Roth is not looking at the question of common law waiver principles in state court applied to removal. It's looking at the timing issues of the removal statute. And Roth said that. And that's why I think the read of Roth is over reading it to reach into these issues. But how can you ever get to the position Roth is talking about if you're a rule about waivers? I think that Roth is talking about that in the context of the 30-day rules under the removal statute. And that rationale that Roth gives in this context doesn't necessarily have to apply in our context of common law waiver principles. Except your principle would avoid Roth ever arising, wouldn't it? I mean, how would you ever get to the eve of trial without a waiver under your theory of the world?  The party was nonetheless maintaining expressly, if we find a basis for removal, we will. That complies with Roth. It gives them an easy way to do it. And it is faithful to the waiver rule as well. I don't. But, Counsel, as you know, on the face of the complaint, which is what they were looking at, there was no basis to remove at that point. They had no idea what the amount was. They didn't know anything about, you know, what they needed to know in order to remove. So you're basically saying they have to infer from what's on the face of the pleading at that point to say we're going to reserve our right. Let's just say it's even worse than what you had here. You have an action, but on its face there's no possibility of removing it. It doesn't meet any of the requirements. You're saying that in that same situation you would require them to put in something, you know, in the event that the plaintiffs ever amend their complaint to allege what is necessary for us to remove, that we intend to do so? Is that what you're saying? I think it's a different hypothetical. But to say that in a class action of this nature where Walmart, who employs so many hundreds of thousands of people in this state, when our class definition included every person that was subjected to your job injury, unlawful, we believe, workplace drug screening testing process, that class definition is clear that this is a ton of people. Well, that's one element. Correct. But I just think there's nothing in the record actually that actually establishes or proves up their contention that they did not know this was removable. You agreed in order to be successful on the merits that we have to adopt your rule to create an obligation to basically prophylactically state if they ever amend the complaint in a way that makes it possible for us to remove, that's what we intend to do? I think that no, I don't think that's necessary. I think the preferred rule should be that because it's a black and white one and it's simple to follow. But the waiver principle, the waiver case law is more nuanced than that. So there are clearly sometimes where cases could be filed that removal isn't even a chance. In today's world, in a class action of this nature, given CAFA, there's no way Walmart and these good defense counsel didn't know there's a possibility of removal in this case. Is there a reason why your rule of making someone say over and over again if I ever get a chance to remove my will serves any function? I mean, I know you want that rule because it might help you win here. But other than that, what is the purpose of such a rule? I think the purpose of the rule would be, I guess my point is I don't know that in every context the Roth concept of let's encourage last minute removals and gamesmanship needs to be the rule. That's fine. That's my real answer. I think the Roth concept goes too far. Okay. But still, why? I mean, you admitted there was no prejudice to you from the lack of a sentence in their brief saying we will remove if we can. So given that you had no prejudice, I just don't even understand what the point of such a rule would be. Because I just think a better rule is one that causes parties to get the removal process going and doesn't preserve this idea that we can litigate and litigate and litigate and then at the last second remove tactically. So maybe we should just say you can't litigate and litigate and litigate and then remove. Well. That's not what happened here. Well, that would be an improvement over the Roth concept. But I think ultimately I still go back to if there was, I mean, it really goes back to not harm but waiver. There's no requirement of a waiver rule in this context that says I've got to show prejudice. The question is, did their actions indicate an intent to get the state court to rule on the merits? Their actions by filing a demur when they didn't have to and they could have preserved the status quo otherwise, and their actions of not at any point in time in the demur paperwork, in the meet and confer with us before they filed it, at no step did they preserve. Am I over? Yes, you are. I am so sorry. Yeah. But we'll just quickly wind it up, okay? I've said it. I apologize for going over. Thank you all for your time. Any other questions? I think not. Thank you very much. Counsel, you have some rebuttal time. Okay. The point is so obvious that we are now reduced to arguing that unless you state in every brief you file with the court, oh, by the way, I reserve any rights, known or unknown, that I may have in litigation, you've waived them. That's the core argument that's just been advanced to you. That's wrong. So what about the argument that your adversary makes that under the factual circumstances of the very breadth of this class that Walmart was on notice that this was removable? In 2015, the Ninth Circuit sort of eliminated the ability to remove under CAFA with assumptions, speculations, logical inferences. And that case is Ibarra v. Mannheim Investments, 775, 5th, 3rd, 1193, Ninth Circuit, 2015. You can't just sort of see to the pants and say, ah, it's enough there. I'm going to remove this thing. You've got to come into the court with a concrete demonstration of the basis to remove. And that class definition, yeah, we're a big employer. But how many people took a urine test and were within a short period of having fallen in the premises of the employer and then lost their job because they refused to take the urine test or because of the results of the urine test? That takes time. We did it pretty darn quickly. But Ibarra doesn't allow you to grace into court and remove until you've demonstrated the basis for removal because what happens? You get remanded and sanctioned. That's what happens. I also find remarkable the assertion that we'd be in a better position had we told the court, we're going to remove in a week and a half, but for now we're going to file a demur. You've just, I mean, that makes your showing worse. Now you've admitted that you have a basis to remove, but you're not doing so. We didn't have that basis. We had to pull together these facts, and the court really shouldn't be, you know, and I'm not suggesting you're prying unfairly, but, you know, this is work product. This is the attorney-client communication. This is what Roth addresses. By the way, I was counsel in Roth. We did not submit in our briefs, by the way, we don't intend to waive any known or unknown rights from this point forward. And importantly, I want you to understand in Roth, having said that, we didn't wait until the eve of trial. We didn't remove only after it's strategically advantageous. In fact, the Ninth Circuit said none of that is present here, but the logic of the CAFA statute and the rulings under it would allow a defendant to remove even at that point. We're not even remotely close to that. We respectfully request that this court reverse the district court's decision, and I thank you for your time. Thanks, both counsel, for the argument. The case just argued is submitted.
judges: M. Smith, Friedland, Rakoff